# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

GERALD WRIGHT,

    Petitioner,

v.                                              CASE NO: 8:09-CV-1066-JSM-EAJ
                                                    Crim. Case No: 8:03-CR-343-T-30MSS

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's pro se Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. #1) filed on June 8, 2009, Memorandum in support (CV Dkt. #5) filed on June 29, 2009, and the Government's Response thereto (CV Dkt. #8) filed on November 9, 2009. The Court concludes that this motion is due to be dismissed without an evidentiary hearing because it plainly appears from the face of the motion and the prior criminal proceedings that the petition is time barred.

## BACKGROUND

On November 21, 2003, a jury found petitioner, GERALD WRIGHT (hereinafter referred to as "Wright" or "Petitioner"), guilty as to Count One and Count Four of the Indictment (CR Dkt. #1): (1) Count One - conspiracy to possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(iii) and (c) and (2) Count Four - possession with intent to distribute 50 grams or more of cocaine base, and

a quantity of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and (c).

On February 13, 2004, Petitioner appeared for sentencing. The Court imposed a sentence of 360 months imprisonment and entered judgment (CR Dkt. #89). Petitioner was responsible for 205.6 kilograms of cocaine base during the course of the conspiracy as described in the presentence report (CR Dkt. #158), significantly more than 4.5 kilograms of cocaine base as required for the highest offense level of 38. Although the Petitioner was classified as a career offender pursuant to USSG § 4B1.1, Petitioner's counsel conceded at the sentencing hearing that Wright's guideline range was based upon the large amount of cocaine base involved and exceeded the career offender guidelines (CR Dkt. #207, Exhibit 1 at 9-12).

Wright filed a Notice of Appeal with the Eleventh Circuit on February 20, 2004 (CR Dkt. #90). After a thorough review of the record and Wright's arguments, the Eleventh Circuit affirmed the judgment of the Court (CR Dkt. #163) on January 6, 2006. Petitioner failed to seek certiorari review of the Eleventh Circuit's decision and the judgment against him became final on April 6, 2006.

On August 25, 2008, the Court, acting on its own motion pursuant to 18 U.S.C. § 3582(c)(2), directed counsel for the Petitioner to seek a reduction of the Petitioner's original sentence (CR Dkt. #191). The Court considered the subsequent motion and ruled (CR Dkt. #207) that Petitioner was not eligible for sentencing reduction under 18 U.S.C. § 3582(c)(2) and Amendment 706 promulgated by the United States Sentencing Commission because of

the high amount of cocaine involved. Wright filed a Notice of Appeal, challenging the Court's decision that Wright was not eligible for a sentencing reduction (CR Dkt. #208). The Eleventh Circuit affirmed the Court's denial of Wright's sentencing reduction (CR Dkt. #217).

On June 8, 2009, Petitioner filed the instant motion (CV Dkt. #1) seeking relief on the grounds that there has been an intervening change in the law which makes his sentence illegal and that he received ineffective assistance of counsel in violation of his Sixth Amendment protections. Title 28 U.S.C. § 2255 provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or otherwise correct the sentence.

28 U.S.C. § 2255. On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter referred to as "AEDPA"). This law added the following provisions to 28 U.S.C. § 2255:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action.

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through exercise of due diligence.

28 U.S.C. § 2255.

After the Eleventh Circuit affirmed on January 6, 2006, Petitioner did not seek certiorari review. Thus, his judgment of conviction became final on April 6, 2006. See Kaufmann v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002) (deciding that even when a petitioner does not petition for certiorari, his conviction does not become "final" for purposes of § 2255 until the expiration of the ninety-day period); Bond v. Moore, 309 F.3d 770, 773-74 (11th Cir. 2002) (explaining that a judgment becomes final on the date on which the U.S. Supreme Court issues a decision on the merits of petitioner's direct appeal or denies certiorari, or after the passage of the ninety days during which a petitioner could seek such review). As the Supreme Court noted in Dodd v. United States, 545 U.S. 353, 356-57 (2005), "[i]n most cases, the operative date from which the limitation period is measured will be the one in [§ 2255(f)(1)] . . . . But later filings are permitted where subparagraphs (2)-(4) apply."

In this case, Petitioner asserts that such a statutory exception to the operation of the one-year limitations period is applicable to him under § 2255(f)(3) and that the limitation period should be measured from "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3). Petitioner argues that in

Cunningham v. California, 127 S. Court. 856 (2007) and Spears v. United States, 129 S. Court. 840 (2009) the Supreme Court recognized a new right that has been made retroactively applicable to cases on collateral review. Petitioner is mistaken.

First, the Supreme Court recognized no new right in either Cunningham or Spears. The Eleventh Circuit's explanation in Outler v. United States, 485 F.3d 1273, 1280 (11th Cir. 2007), is instructive on the point: "[t]he meaning of 'right asserted' in the statute is the substantive right that forms the basis for the § 2255 motion." Petitioner does not describe a new substantive right. Rather, Wright rests much of his ineffective assistance of counsel arguments on the belief that the development of the law from Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 124 S. Court. 2531 (2004) to Cunningham and Spears represented a foreseeable progression in Sixth Amendment jurisprudence. The content of Petitioner's own brief (CV Dkt. #5) belies any arguments that those recent cases articulated a new right. Rather than recognizing a new right, the Supreme Court in Cunningham and Spears "clarified the rule of constitutional law invoked by the petitioner." (CV Dkt. #5 at 8). Second, neither opinion contemplated retroactive application on collateral review. Accordingly, Wright is not entitled to employ § 2255(f)(3) to escape the restriction of the period of limitations.

Under the one-year period of limitations established by AEDPA, Wright's petition deadline was April 6, 2007. The petition now before the Court was filed June 8, 2009, more than two years after the statutory deadline.

## **EQUITABLE TOLLING**

Typically, a motion not timely filed is dismissed. However, a petitioner is not time barred from filing if he is entitled to an equitable tolling of the one-year limitation period. In Sandvik v. United States, 177 F.3d 1269, 1271-72 (11th Cir. 1999), the Eleventh Circuit held that an extension of time in which to file a § 2255 motion is warranted only if extraordinary circumstances beyond a prisoner's control make it impossible to file the motion on time. The Eleventh Circuit in Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002) held that "[t]he burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner," and further emphasized that "[e]quitable tolling is an extraordinary remedy and is applied sparingly." The court noted that to merit equitable tolling, "[a] truly extreme case is required." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008).

Equitable tolling is available only if a petitioner establishes both extraordinary circumstances and due diligence. See Diaz v. Sec'y Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004). Petitioner's claim fails to satisfy the first prong. A change in the law does not constitute an extraordinary circumstance. In the analogous setting of a petitioner seeking untimely Fed. R. Civ. P. 60(b)(6) relief from a final judgment, the Supreme Court addressed the effect of a change in law in Gonzalez v. Crosby, 545 U.S. 524, 537-38 (2005), reasoning that "[i]t is hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrived at a different interpretation [than the District Court below reached]." Furthermore, Petitioner's pro se status affords him little advantage as the Eleventh

Circuit has held that lack of familiarity with the judicial process will not justify equitable tolling. See, e.g., Rich v. Dep't of Corr., 317 Fed. Appx. 881, 884 (11th Cir. 2008) (noting that pro se status is not an extraordinary circumstance); Helton v. Sec'y Dep't of Corr., 259 F.3d 1310 (11th Cir. 2001) (refusing to recognize an extraordinary circumstance when an incarcerated petitioner mistakenly believed the AEDPA period of limitations had not started to run).

Even assuming that Wright's circumstances were extraordinary, it is not apparent from Wright's motion that he exercised due diligence before the one-year period ended. In affirming the dismissal of a § 2254 petition as time barred, the Eleventh Circuit evaluated the record for clear error and determined that petitioner's inability to provide evidence of efforts to file before the limitations period expired was sufficient to conclude that the petitioner had not exercised due diligence that would justify equitable tolling. See Bell v. Sec'y Dep't of Corr., 248 Fed. Appx. 101, 104-05 (11th Cir. 2007). Tellingly, the Petitioner in the instant case does not focus his efforts on describing his due diligence in the text of his petition, but instead relies primarily on a claimed intervening change in law. Yet equitable tolling is justified only when both prongs are satisfied and the Petitioner's due diligence is thwarted by extraordinary circumstances. Therefore, Petitioner is not entitled to equitable tolling.

## **EVEN IF TIMELY, PETITION WOULD FAIL**

Even if the petition had been timely, it would still have failed on the merits. Although Wright offers four grounds that he claims entitle him to relief, Wright essentially states two.

Both Fifth Amendment grounds, offered as responses to question parts 12(C) and (D) in Wright's § 2255 Motion (CV Dkt. #1), are actually restatements of his primary arguments focusing on a perceived intervening change in law and ineffective assistance of counsel. Because the line of cases leading to Spears does not recognize a new right within the meaning of § 2255, it is appropriate to focus on the ineffective assistance of counsel about which Petitioner complains.

The Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984) announced the now well known two-prong standard for evaluating an ineffectiveness claim. Under Strickland, the Petitioner must show that counsel's performance fell below an objective standard of reasonable professional assistance and that the Petitioner was prejudiced by the deficient performance. Id. at 687-88. The Petitioner must bear the burden of proving that counsel's performance was unreasonable. Id. at 688; see also Chandler v. United States, 218 F.3d 1305, 1313-14 (11th Cir. 2000) (restating the proposition that the burden of persuasion rests with a petitioner to prove, by a preponderance of competent evidence, that counsel's performance was unreasonable). Furthermore, the Petitioner must identify specific errors in order to overcome the strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." 466 U.S. at 690. Finally, it is important to note that "there is no reason for a court deciding an ineffective assistance claim [...] to address both components of the inquiry if the defendant makes an insufficient showing on one." 466 U.S. at 697.

In this case, Petitioner argues that "counsel should have been reasonably cognizant of the possible extensions of Blakely [sic], in light of the clear precedent of the Supreme Court." (CV Dkt. #5 at 16). Petitioner goes on to argue that "[i]t was objectively unreasonable for counsel to abandoned [sic] the rehearing based upon the uncertainty and the future of the state of law, post Blakely [sic]." Id. However, in United States v. Ardley, 273 F.3d 991, 993 (11th Cir. 2001), the Eleventh Circuit explicitly held the opposite: "[i]n this circuit, we have a wall of binding precedent that shuts out any contention that an attorney's failure to anticipate a change in the law constitutes ineffective assistance of counsel." Save one, the other supposed failures of counsel alleged by Wright stem from counsel's reasonable professional decision not to pursue rehearing or seek certiorari review based on the supposed intervening change in law.

The remaining error argued by Wright is that his counsel was ineffective for failing to challenge the sentencing enhancement because Wright is actually innocent. Actual innocence in this context means "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). Here, Petitioner apparently mistakes factual innocence for legal insufficiency. The Supreme Court clarified the matter by instructing that, in light of all of the evidence, a petitioner can establish actual innocence when he demonstrates that it is more likely than not that no reasonable juror would have convicted him. See id. Here, Petitioner does not challenge his underlying conviction, does not contend that he did not commit the offense, and does not contest the amount of cocaine base used to

enhance his sentence. Rather, Petitioner attacks the validity of the sentencing enhancement without stating a colorable claim of actual innocence. Counsel's decision to refrain from assisting Wright in mounting an attack on such grounds was not objectively unreasonable.

In addition, the decision on direct appeal made clear that the error at sentencing, whether attributed to the District Court or to Petitioner's counsel, did not prejudice Wright. Applying plain error review, the Eleventh Circuit found that even though the District Court may have made an error for basing the sentence on a drug quantity not found by a jury, the error "did not affect Wright's substantial rights," because he did not show that the sentence would have been any less had the guidelines been advisory rather than mandatory. <u>United States v. Wright</u>, 164 Fed. Appx. 809, 818 (11th Cir. 2006).

If, as Wright contends, counsel erred by not asserting certain arguments to challenge the enhanced sentencing range used by the Court and if the Eleventh Circuit held that the Court's use of that enhanced sentencing range could not be shown to prejudice Wright, then the question of counsel's error at sentencing is moot. Whether or not counsel challenged the enhanced sentence, Wright was not prejudiced by the result. Thus, in the instant petition as in <u>Strickland</u>, "[f]ailure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." 466 U.S. at 700.

Therefore, even if the petition had been filed timely, it would have failed on the merits.

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) is DISMISSED as time barred.

2. The Clerk is directed to close this file and terminate from pending status the motion to vacate found at CR Dkt.#219, in the underlying criminal case, case number 8:03-cr-343-T-30MSS.

**DONE** and **ORDERED** in Tampa, Florida on January 5, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2009\09-cv-1066.deny 2255.wpd