# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

GERALD WRIGHT,

    Petitioner,

v.                                                CASE NO. 8:09-CV-1066-T-30EAJ
                                                  CRIM. CASE NO. 8:03-CR-343-T-30MSS

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This matter comes before the Court for consideration of Petitioner's "Motion Seeking a Certificate of Appealability Pursuant to Title 28 U.S.C. § 2253(c)(2)" ("COA") filed pursuant to Rule 22, Fed. R. App. P., and 28 U.S.C. § 2253 (CV Dkt. 10).[1]

The Court found that Petitioner's § 2255 motion was time-barred (CV Dkt. 9). To merit a COA, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the § 2255 motion is time-barred and Petitioner has failed to make a sufficient showing of the "extraordinary circumstances" required to warrant equitable tolling of the limitations period, Petitioner has failed to satisfy the second prong of the *Slack* test. 529 U.S. at 484. Furthermore, the Court concluded that even if the § 2255 motion were

---

[1] The Court also construes the COA as a notice of appeal of the January 5, 2010 order dismissing the § 2255 motion (See Dkt. 11).

not time-barred, the claims would fail on the merits (See CV Dkt. 9). Therefore, Petitioner has failed to make a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c).

ACCORDINGLY, the Court **ORDERS** that the Petitioner's Motion Seeking a Certificate of Appealability Pursuant to Title 28 U.S.C. § 2253(c)(2) (CV Dkt. 10) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on March 1, 2010.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc

Copy to: Petitioner *pro se*
United States Attorney